A. VAN BERGEN *against* H. VAN BERGEN.

This Court has jurisdiction in the case of a private nuisance, but will not give an *order* to abate the nuisance, until the opposite party has been heard.

THE bill stated, that the plaintiff was seised, in common *December 5th.* with the defendant, of 6½ acres of land, with two falls mill-seats thereon, and a grist-mill also, on *Coxsackie* creek. That on the 8th of *December*, 1808, he agreed with the defendant for *a partition*, which was made, and the west half of the land, with the upper fall and mill-seat, were set off to the plaintiff, and the residue, with one fall and mill-seat, and the mill, set off to the defendant. That the parties released to each other, &c. That in 1809 the plaintiff erected a saw-mill on his upper part, with a dam. That he has rebuilt a dam 22 feet lower down, as the former dam overflowed other lands, and a recovery at law was had against him.† That † *Vandenberg* the defendant has erected a dam 3½ feet high on the upper *v. Van Bergen,* part of the fall contiguous to his mill, and caused the water 241. to flow back, to the obstruction of the plaintiff's mill. That the fall on which such dam is erected is 20 feet high, and the depth of water at, and just above the fall, is from 10 to 14 feet, and sufficient to supply the defendant with water at all times, without such dam. That the dam of the defendant was erected *before the plaintiff removed his dam, but with [ * 273 ] knowledge of the recovery, and of the intention of the plaintiff to remove his dam. That the injury by such dam will be *permanent*, and not to be recompensed at law, without numerous lawsuits.

The bill prayed for *an order* on the defendant to take down his dam within a convenient time, and an injunction to desist from obstructing the creek, by erecting dams, &c., so as to impede the operations of the plaintiff's mill.

The deed of release from the defendant, which was annexed to the bill, conveyed the water-fall in the creek on the plaintiff's land, and the privilege of the water in the creek, and the free use of any mills to be erected on the creek and fall of water, so that the grantor shall not raise the mill-dam now erected below the said falls, so as to make back-water, to impede any mill to be erected by the grantee, &c.

*Van Vechten*, for the plaintiff, moved for an order agreeably to the prayer of the bill, which was sworn to and filed.

1816.

EXECUTORS OF
GETMAN
v.
BEARDSLEY.

THE CHANCELLOR. I have no doubt of the jurisdiction of the Court in cases of private nuisance. It can order them to be abated, as well as restrain them from being erected. (*Coulson* v. *White*, 3 *Atk.* 21. *East India Co.* v. *Vincent*, 2 *Atk.* 83.) But this is not to be done until the opposite party has been heard. Lord *Hardwicke* said, in the case of *Ryder* v. *Bentham*, (1 *Vesey*, 543.) that the Court never makes an order, on motion, to pull down any thing, though it will, sometimes, on motion, order a thing going on to be stayed.

Motion denied.