C. B. BENEDICT, Trustee in Bankruptcy for American Hardwood Corporation, a corporation, *Plaintiff in Error*, v. GRESS MANUFACTURING COMPANY, a corporation, *Defendant in Error.*

Division A.

Opinion filed March 28, 1931.

Petition for rehearing denied May 4, 1931.

*Lloyd Z. Morgan* and *William D. Morgan,* for Plaintiff in Error;

*Walter E. Smith,* for Defendant in Error.

ELLIS, J.—The questions presented in this case are whether the Clerk of the Circuit Court may enter a judgment for the plaintiff in distress proceedings where the defendant appears and makes and files an affidavit in which there is no denial that the rent or any part thereof claimed is due but in which the affiant merely alleges that he has been served with notice of proceedings in involuntary bankruptcy and notified to hold the property and assets of the defendant subject to the order of the bankruptcy court and that he believes they are subject to such order. Secondly, if in entering such judgment is the clerk required to set out in the judgment entered by him the evidence upon which he ascertains the amount of the rent or advance due to the plaintiff and the value thereof.

The clerk has the power under the statute to enter the judgment in such case and is not required to set out in such judgment the evidence by which he ascertained the amount due.

Sections 5423-5424 C. G. L. 1927 providing for the issuing of distress warrants provides a summary statutory

method for the enforcement of liens for rent. The affidavit stands in lieu of and performs the functions of a declaration. See Smoot vs. Strauss, 21 Fla. 60.

Section 5426 C.G.L. provides that if the defendant shall not appear upon the return day of the writ and file an affidavit that the rent or any part thereof is not due (required by Sec. 5427) the clerk or the judge, if the court have no clerk, shall ascertain what rent is due to the plaintiff and the value thereof and shall enter judgment for the same by default with costs against the defendant.

Provision is made for one issue only and that is either the whole amount claimed by the plaintiff or a portion of it is not due. No other written pleadings are allowed upon the return day of the writ. Any effort to inject any other issue is unauthorized by law, constitutes no defense and requires no motion or other step to expunge it. Without discussing the merits of the pleading attempted in this case, it is obvious that the affiant's belief that the property levied upon under the distress warrant was subject to the order of the bankruptcy court presents no meritorious defense or triable issue even if any other issue than whether the debt or a part of it is due is allowable. The defendant by its agent appeared but it did not deny the claim or any part of it. Therefore it did not comply with the duty required of it by the statute if it desired to contest the enforcement of the lien. Nor is there any analogy between the entry of judgment by the clerk in such cases and the entry of judgments in actions at law on default.

In this case an affidavit was made by the President, M. V. Gress, acting for the Gress Manufacturing Company in accordance with the requirements of the provisions of

Section 5423 C.G.L. which, aside from some criticisms that might have been made of it, substantially came within the provisions of the section. The amount claimed to be due was $4,141.29 lawful money of the United States. The debt was alleged to be for the rent of certain lots particularly described and the buildings, sheds, structures, sawmills, planing mills, machinery, etc. The period of time for which the amount claimed was due was specifically stated. The writ was duly issued. The sheriff levied the distress warrant and made return. The record does not disclose the return day of the writ but within a week after the levy the defendant by its agent appeared but did not deny the debt or any part of it. The clerk within a week after such appearance entered the judgment which is sought to be reversed.

The statute does not require the entry of the judgment upon any certain day or within any specified time after the return day of the writ.

We fail to discover any error whatsoever in the proceedings of which any complaint has been made.

The judgment is therefore affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.