CITY OF SANFORD, a Municipal Corporation, v. AUGUSTUS T. ASHTON, and J. F. McCLELLAND, as Sheriff of Seminole County.

179 So. 765.
Division A.
Opinion Filed March 10, 1938.

*Fred R. Wilson,* for Appellant;

*George A. DeCottes,* for Appellees.

BUFORD, J.—Bill of complaint was filed on May 14, 1935, and was dismissed on motion with leave to amend.

Amended bill of complaint was filed November 4, 1935, and on motion was dismissed.

On January 6, 1937, second amended bill of complaint was filed and on January 22, 1937, on motion second amended bill was dismissed.

From this order appeal was taken.

The bill of complaint alleges that appellant held fee simple title to certain property known as the Mayfair Hotel which it acquired by Master's Deed in foreclosure proceeding on December 3, 1930. That on, to-wit: December 10, 1934, appellant leased the property to one W. E. Kirchhoff, Jr., for a term of five (5) years from that date at the rental of $750.00 for the first year, $1,250.00 for the second year and $1,500.00 for the third and fourth years and $2,000.00 for the fifth year with the right and option to the lessee to purchase the same for the sum of $35,-000.00 less the sum of $1,500.00 in the event of the purchase by the lessee within the time stated of certain furnishings in said hotel; that Kirchhoff went into possession in said hotel;

That on April 15, 1932, the appellee Ashton obtained a judgment against the plaintiff for the principal sum of $17,988.25 in the Circuit Court of the Twenty-third Ju-

dicial Circuit of Florida in and for Seminole County; that on July 20, 1932, the execution issued and was delivered to the Sheriff, J. F. McClelland; that thereafter McClelland levied said execution upon the property involved and, after due advertisement of the same, sold the same at public outcry on April 1, 1935, to the highest and best bidder therefor, who was the defendant, appellee here, Ashton, for the sum of $1,000.00 and that the said Sheriff on April 1, 1935, did make and execute and deliver deed of conveyance of said lands and premises, which deed has been duly recorded and, after deducting costs and expenses of the sale credited on the execution the sum of $952.90, leaving due thereon the sum of approximately $17,035.35 and interest, and that thereafter the said Sheriff levied the execution upon other pieces of property owned by the appellant, the title to which had been acquired by it through foreclosure proceedings, and sold the same at public outcry under said execution and realized on that sale the sum of $12,120.44, which was applied to payment of the judgment held by Ashton and that on or about April 28, 1936, plaintiff paid the sum of $3,-754.68 on said judgment and on or about August 28, 1936, plaintiff, appellant here, paid to Ashton the sum of $3,-828.53 in full payment, satisfaction and discharge of the remainder due on said judgment and received satisfaction thereof which has been recorded in Public Records of Seminole County, Florida, in "Satisfaction of Judgment Book 2, page 186."

It is alleged that at the time of the sale of the hotel property above mentioned the appellant, defendant in execution, was financially unable to bid in the property, under execution sale and that it was without money with which to satisfy the judgment of Ashton.

The bill does not allege that there was any irregularity in connection with the sale of the property or that there

was any mistake, accident, surprise, misconduct, fraud or irregularity in connection with the judgment, execution, sale or conveyance by the Sheriff of the property involved.

The sale and a deed of conveyance issued pursuant thereto, is sought to be set aside upon the one ground that the property was of the reasonable value of $100,000.00; that the defendant in execution had optioned the property for sale at the price of $35,000.00 and that the price paid and bid at the Sheriff's Sale of $1,000.00 was grossly inadequate.

The second amended bill, as is heretofore stated, was filed on January 22, 1937.

The Sheriff's sale and deed was of April 1, 1935. Thereafter the Sheriff levied upon and sold under the same execution other property of plaintiff for more than $13,000.00. Then on April 26, 1936, appellant paid Ashton on balance of execution $3,754.68 and on August 28, 1936, paid the balance of the execution and took and recorded satisfaction of judgment.

The burden of appellant's contention is that because it got in position to pay its execution creditor after its property had been levied on and sold, which levy was some three years after the date of the judgment, and because the property sold at Sheriff's sale at an inadequate price the sale should, a year later, be set aside and the deed canceled on appellant paying to the purchaser at the sheriff's sale the amount paid for the property. At first glance this would appear to be a fair and equitable proposition, but on application of fixed legal principles we find that on the showing made there is no ground of equitable relief stated and no case presented for equitable cognizance. When the judgment creditor purchases property at Sheriff's sale under execution, all things in connection therewith being regular and legal, he stands in the same

position and acquires the same rights and protection which a stranger to the record would acquire by being the successful bidder and purchaser at such sale. Bidders and buyers at execution sales usually bid and buy to make a profit. To establish a precedent that the execution debtor may, if and when he may get in position to pay the amount bid at execution sale, come into a court of equity and on the bare allegations of present ability and willingness to pay the amount bid and paid and that the amount bid and paid was inadequate and was grossly less than the value of the property, procure a decree setting aside the sale and cancelling the deed would be to destroy the incentive which prompts bidding at execution sale and thereby work a hardship on both debtors and creditors.

For this, and other, reasons the rule as stated in 1st Story's Equity Jurisprudence, Sec. 245, was adopted by this Court in the case of Coker v. Dawkins, 20 Fla. 141, by adopting Judge Story's statement, as follows:

"Inadequacy of consideration is not, of itself a distinct principle of relief in equity. The common law knows no such principle. The consideration, be it more or less, supports the contract. Common sense knows no such principle. The value of a thing is what it will produce, and admits no precise standard. * * * If courts of equity were to unravel all these transactions they would throw everything into confusion and set afloat the contracts of mankind. Such a consequence would, of itself, be sufficient to show the inconvenience and impracticability, if not the injustice, of adopting the doctrine that mere inadequacy of consideration should form a distinct ground for relief."

And citing in support thereof the following:

"1 Story's Equity Jur.; No. 245; Erwin v. Parham, 12 How. U. S. 197, 206; White v. Duncan, 7 Ves. Jr., 34; Livingston v. Byrne, 11 Johns., 557, 565; Hardy v. Heard,

15 Ark. 189; Williamson v. Dale, 2 Johns. Ch. 272; Roe v. Ross, 2 Ind. 99; Newton's Heirs v. Bank, 22 Ark. 19."

To the same effect is the holding in Lawyers' Cooperative Publishing Co. v. Bennett, 34 Fla. 302, 16 Sou. 185, and in McFarlin v. McFarlin, 50 Fla. 570, 39 Sou. 995; Ruff v. Guaranty Title Co., etc., 99 Fla. 197, 126 Sou. 383.

Of course, this rule does not apply where the right to cancellation is based on mistake, accident, surprise, misconduct, fraud or irregularity in connection with the judgment, execution, sale or conveyance by the Sheriff of the property involved. No such allegations, however, appear in this case.

The judgment should be, and is, affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.