### HART v. MAAS BROTHERS, Inc.

Circuit Court, Hillsborough County.

February 17, 1953.

Fred T. Saussy, Jr. and Raymond Sheldon, both of Tampa, for plaintiff.

Macfarlane, Ferguson, Allison & Kelly, Tampa, for Maas Brothers, Inc.

Hill, Hill & Dickenson, Tampa, for the sheriff.

J. D. Hobbs, Tampa, for Robert A. Delcher.

HARRY N. SANDLER, Circuit Judge.

Maas Brothers, Inc., a defendant in this suit, filed suit on October 1951 in the small claims court (J.P.) against Audrey Hart and Ann B. Hart, his wife; to recover the sum of $55.72. Notice of the action as provided by statute was sent by registered mail to Mr. and Mrs. Audrey Hart at 2615 So. Woodlyn Ave. There being no such street number the notice was delivered to the plaintiff herein, Audrey G. Hart, at her residence, 4615 So. Woodlyn Ave. The plaintiff is and was at the time a single woman.

No appearance or defense being filed, a final judgment was entered in favor of Maas Brothers, Inc. against Audrey Hart and Ann B. Hart for the sum of $57.93, principal and interest, and $3.83 costs. Execution was issued thereon and levied upon the real property involved in this proceeding which was subsequently sold at public outcry to Robert A. Delcher, one of the defendants herein, for the sum of $1,000. After deducting the amount of the judgment and costs, the sheriff mailed a check for the surplus, $885.54, to the plaintiff which was immediately returned to him.

The plaintiff, thereupon, brought this suit to vacate and set aside the sheriff's deed on the grounds, among others, that the small claims court never acquired jurisdiction over her, that the execution directed the sheriff to levy on the goods and chattels of the defendant and did not direct him to levy on any real property, that the levy was grossly excessive and the $1,000 sale price of the real estate grossly inadequate. To this complaint the defendants filed their several answers and the defendant, Robert A. Delcher, filed his counterclaim seeking to have the plaintiff enjoined from the continued use of the property and to account for the rental value thereof.

The suit in the small claims court was brought against Audrey Hart and Ann B. Hart, his wife, and all subsequent proceedings, including the judgment and execution, were against Audrey Hart and Ann B. Hart and not against the defendant Audrey Hart, a single woman. While the notice of the suit was delivered to Audrey Hart, it did not serve to give the court jurisdiction of her person. It was not merely voidable but void and was not a substantial compliance with the statute which requires notice of the suit to be sent to the defendant. This of itself is sufficient to make all subsequent proceedings null and void.

It might not be amiss, however, to note that the amount of the execution was only $61.76 and that there was more than sufficient personal property out of which this amount could be realized. In addition to the real estate, the plaintiff at the time of the levy was possessed of personal property well in excess of the sum of $1,000, so as to enable the sheriff to realize the amount of the judgment and costs without the necessity to levy on the real estate. There is nothing in the record to indicate that the plaintiff was entitled to any exemption and, as a matter of fact, the property here involved was and still is occupied by her as her residence, so that it would constitute a homestead were she entitled to any exemption. No attempt was made to levy on the personal property, but instead real property valued herein by a defendant at $10,000 and by plaintiff's witnesses, one at $11,500, the other at $16,500, was levied upon. It is true that there was a mortgage on record in the sum of $3,300 which, though paid, was not satisfied of record and the purchaser was entitled to rely on the record, but nevertheless the levy was grossly excessive in view of the facts in this case.

It is well settled that an officer should levy on only so much of the property as is sufficient to answer the exigency of the writ and should not levy on all of the defendant's property when a portion thereof would be sufficient. Where the property levied on is of substantially greater value than the amount of the execution and

costs, such levy is generally excessive. The lowest estimate of the value of the property is $10,000, yet it was sold for $1,000. The general rule is, of course, that mere inadequacy of price is not sufficient to set aside a sale unless accompanied by fraud, deceit, surprise or other irregularities.

Defendants rely strongly on City of Sanford v. Ashton (Fla.), 179 So. 765, where the property was valued at around $35,000 and the price paid at the sheriff's sale was only $1,000. The appellant city contended that because it subsequently came into position to pay the creditor after the property had been levied on and sold, which levy was some three years after the date of the judgment and the attempt to set the sale aside still a year later, and because the property sold for an inadequate price the sale should be set aside. There the Court held that the debtor could not wait until "he may get in position to pay the amount bid at execution sale, come into a court of equity and on the bare allegations of present ability and willingness to pay the amount bid," have the sale set aside on the ground of inadequacy of price. While there was no fraud or surprise in the sale in the instant case, yet the entire proceedings were so irregular as to justify a finding that the price was inadequate.

The plaintiff admits owing to the defendant, Maas Brothers, Inc., the bill involved in the action in the small claims court which apparently has already been satisfied by the sheriff from the proceeds of the sale, and in order that the entire matter may be disposed of in this proceeding, it is ordered and adjudged—(1) that the equities are with the plaintiff and that the sheriff's deed dated April 7, 1952 conveying to Robert A. Delcher the premises in Hillsborough County, to-wit: lot 5, block 9, Barr City Subdivision according to map recorded in plat book 1, page 22 of the records of Hillsborough County, Florida, and filed for record on April 11, 1952 in deed book 1677, page 536 of the records of said county, and likewise that corrected deed from Hugh Culbreath, sheriff of Hillsborough County, to Robert A. Delcher dated June 23, 1952 and recorded June 25, 1952 in deed book 1688, page 567 of the records of said county, be and each are hereby vacated, set aside and held for naught, (2) that Hugh Culbreath, one of the defendants herein, pay into the registry of the court the sum of $885.54, being the amount of the surplus from the said sale, and that the plaintiff Audrey G. Hart also pay into the registry of the court the sum of $114.46 together with the costs of the clerk of the court, if any, and that thereupon the sum of $1,000 be returned by the clerk of the court to the defendant Robert A. Delcher or his attorney of record upon application therefor, and (3) that the counterclaim of the defendant Robert A. Delcher is hereby dismissed with prejudice.