HORTON, Judge.
The appeal here is from an order dismissing with prejudice a bill of complaint in equity.
The sole question involved on appeal is whether the bill of complaint states a cause of action cognizable in equity. We do not think it does.
The complaint alleges that appellant was the tenant of the appellee and in possession of certain real property in Dade County, Florida, upon which the appellant engaged in the manufacture of building blocks and building materials and in so doing had brought upon the premises equipment and machinery valued at approximately $20,-000. On June 11, 1956, the appellee filed distress proceedings for rent in the Civil Court of Record for Dade County against the appellant, and upon affidavit, the distress warrant was issued and placed in the hands of the Sheriff of Dade County for service; that the Sheriff of Dade County and the appellee knew that R. J. Walters was an officer and director of appellant-corporation at the time of the alleged attempted service of process and that the said Walters was ill and confined to the Veterans Administration hospital in Coral Gables. It is further charged that the deputy sheriff, at the time of the attempted service of process, called at the office of the appellant-corporation and inquired of one Ted Blake “who was then and there secretary of plaintiff-corporation” for an officer of appellant-corporation and was advised by Blake that Walters was an officer. The distress warrant was levied by the deputy sheriff and a return made therein which included a list of the items levied on together with a statement that service had been made by means of the levy after being unable to locate any officer of appellant-corporation. The distress writ required an answer on June 21, 1956. When an answer was not made, final judgment was entered on July 6, 1956 by a judge of the Civil Court of Record for the sum of $725, the amount of the rent shown to be due, which judgment ordered the property distressed to be sold in satisfaction of the judgment. The property, pursuant to a writ of execution, was sold by the sheriff. The complaint alleges that *744 in addition to the property sold under the writ of execution by the sheriff, the appellant had upon the demised premises 5,000 building blocks and other property which the appellee “without authority of law appropriated * * * to his own use and to the damage of the plaintiff in the sum of more than $1,000 * * that the property sold by the sheriff was valued at $25,000 but had been purchased by the appellee for a nominal sum and thereby the appellee was unjustly enriched. The appellant offered to pay all just demands of the appellee, including the rent, and prayed the court to set aside and annul the judgment of the Civil Court of Record, to make an accounting and to award the appellant a money judgment.
The judgment on its face appears to be regular. The court had the power to adjudicate upon the subject matter involved and its jurisdiction was appropriately invoked. Under such circumstances, the judgment could not be collaterally attacked as is attempted here. See Bemis v. Loftin, 127 Fla. 515, 173 So. 683 and deMarigny v. deMarigny, Fla.1949, 43 So.2d 442, at page 445.
It would seem possible at this point to conclude the matter by pointing out the abstract procedural deficiency. However, a question of jurisdiction over the person of the appellant has been raised which we feel requires some discussion. It is contended that service of process was never had upon the appellant and for this reason the trial court was without jurisdiction and the resulting judgment was void. The answer to this proposition lies in the fact that distress for rent is a statutory summary proceedings in rem. Section 83.08, Fla.Stat., F.S.A., gives a landlord a statutory lien for rent upon a tenant's property brought upon the land. Section 83.11-19, Fla.Stat., F.S.A., provides the landlord the remedy for perfecting and enforcing a statutory lien for rent. Section 83.13, Fla.Stat., F. S.A., among other things, provides:
“The officer to whom the writ is directed shall execute the same by service on the defendant at least five days before the return day, and by levy on property distrainable for such rent or advances, if to be found in his jurisdiction. * * * If the defendant cannot be found, the levy upon the property shall suffice as the service upon him.”
It would therefore appear from the last quoted section that the writ takes the place of other process and if the defendant cannot be found, the levy constitutes service. There would appear to be few decisions in Florida which discuss the sufficiency or necessity for the service of process in a distress proceeding. However, in Dade Realty Corporation v. Schoenthal, 1942, 149 Fla. 674, 6 So.2d 845, 846, the court there had a very similar question posed. Schoenthal contended that the judgment rendered against him in a distress proceeding was invalid because of the failure to serve process upon him. He, together with other tenants, had apparently failed to pay the rent on a hotel which they had under contract and a distress proceedings was instituted. Schoenthal did not contend or allege that the rent was paid or that he stood ready to pay it. Justice Terrell, in commenting on this phase of the case said:
“It was not necessary that Harry Schoenthal be served personally with process in the distress proceedings. The statute, Section 5399, Compiled General Laws of 1927, provides that service may be made by delivery of a true copy to the tenant or ‘if [he] be absent from his last or usual place of residence, by leaving a copy thereof at such place'. It is shown that all other defendants were served; he knew that the rent was due and since that was the sole issue, the service was sufficient. Any other interpretation would render that statute of no avail.”
*745 Further, he observed:
“In the case at bar, respondents defaulted in payment of rent on a hotel as their contract provided and the relator secured a judgment of eviction by distress proceedings in the manner provided by statute. The sole issue was whether or not the rent was in default. If it was, that was the end of the law and the relator was entitled to his judgment. There was no question of due process, equal protection, or the violation of fundamental rights unless the rent was actually paid. Jf the rent were in default and the proceedings regular, the judgment was legal’1 [Emphasis supplied.]
In the early case of Blanchard v. Raines, 1884, 20 Fla. 467, 468 there was a distress for rent in which the question was raised that no service of process had been made upon the defendant and that only the writ was served. It was urged that the statute did not require personal service or publication and for that reason it was inoperative to authorize summary process, the reasons being that it denied a jury trial and deprived the owner of his property without due process. The court there said:
“As to the question of notice, it is true that a statute which should authorize a debt or damages to be adjudged against a person upon purely ex parte proceedings, without a pretense of notice, or any provision for defending, would be a violation of the Constitution, and void; yet where the Legislature has prescribed a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is afforded him to defend, the courts should not pronounce the proceeding illegal.”
Again, the court in that case, quoting from Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, said:
“ ‘The law assumes that property is always in the possession of its owner, in person or by agent, and it proceeds upon the theory that its seizure will inform him not only that it is taken into custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem.’ ”
The court fails to understand how the appellant would be without knowledge of the proceedings when a levy was made upon property in its possession. In addition, the complaint points out that one Ted Blake, secretary of the appellant-corporation, knew or had information sufficient to put him upon notice that proceedings had been instituted when the deputy sheriff called at the office of the appellant-corporation inquiring as to the identity of an officer of said corporation.
In summary, we do not feel it can be strenuously urged that the appellant was without knowledge of the proceedings when levy was made upon its property on the demised premises, together with the fact that it knew or should have known that the rent was either in default or had been paid.
Those allegations of the complaint referring to the actions of the appellee in taking possession of property not under levy belonging to the appellant certainly do not pose a problem cognizable in equity. It may be that the appellant has a legal remedy for such actions but that question is not before us for decision.
*746 The decision of the trial court that the complaint was without equity was correct and is affirmed; however, the cause should not have been dismissed with prejudice and pursuant to Rule 1.39, Florida Rules of Civil Procedure, 30 F.S.A., the trial court is directed to transfer the cause to the law side of the court or to the appropriate common law court having jurisdiction for further proceedings based on the allegations of the alleged taking and conversion of personal property not involved in the distress proceedings.
Affirmed in part and reversed in part with directions.
CARROLL, CHAS., C. J., and MILLEDGE, STANLEY, Associate Judge, concur.