MILLEDGE, STANLEY, Associate Judge.
This is an appeal by the defendant below from a judgment of the civil court of record in Dade County entered upon a default in a distress proceeding.
The sheriff’s return to the distress warrant was that the warrant was unexecuted as to the defendant for the reason that the sheriff, after diligent search and inquiry, failed to find the defendant in the county and service was made by means of a levy. On the return day named in the warrant, the defendant interposed a motion to dismiss on the ground of lack of jurisdiction over the person and insufficiency of service of process and a further ground not here material. The plaintiffs ignored this motion and the judge, on plaintiffs’ motion, entered a default judgment. See Benedict v. Gress Mfg. Co., 101 Fla. 1359, 134 So. 66.
Section 83.13, Fla.Stat., F.S.A., provides that the distress warrant shall be executed by service on the defendant and by levy on the property distrainable if to be found in the jurisdiction. If the defendant can not be found, the levy upon the property shall suffice as the service upon him.
The defendant, appellant, relies upon the proposition that levy upon the property only, without personal service on the defendant, is good service only if the defendant can not be found.
A motion to dismiss attacking jurisdiction over the person of the defendant is equivalent to the common law dilatory plea to the jurisdiction. It is a speaking motion since it attacks matters not apparent on its face. A plea to the jurisdiction must not only point out the plaintiff’s error but show him how it may be corrected and furnish him with the materials for avoiding the mistake; in other words, give the plaintiff a better writ. While pleading under the Florida Rules of Civil Procedure is more liberal than under common law pleading, it is in keeping with the Florida pleading rules to require certainty of one who employs dilatory defenses having nothing to do with the merits of the controversy. The defendant’s motion to dismiss was not supported by affidavit showing how and where the defendant could be found in order to be served. Applying the federal civil rule 12(b), 28 U.S.C.A. which is the same as Florida Rule 1.11(b), 30 F. S.A. a federal district court has held that a party must support by competent proof a challenge of jurisdictional facts not appearing of record. Starns v. Success Portrait Co., D.C.D.Tenn.1940, 1 F.R.D. 503. This is much the same as the common law pleading rule that jurisdictional facts are not put in issue by pleading of counsel, but may only be put in issue by the allegation of the defendant himself.
 It was pointed out in Concrete Block & Wall Co. v. Knap, Fla.App.1958, 102 So.2d 742, that distress for rent is a statutory summary proceeding in rem and consequently personal service on the defendant is not necessary; service by levy on the property distrained is sufficient. The statute prescribing the manner of service meets the requirement of due process. Dade Realty Corporation v. Schoenthal, 149 Fla. 674, 6 So.2d 845; Blanchard v. Raines, 20 Fla. 467. If the defendant could complain that levy on the distrained property alone does not comply with the terms of the statute, whenever the defendant could be found, so as to give the court jurisdiction over the res, the defendant here did not properly challenge the jurisdictional facts appearing of record, and the trial judge was eminently correct in ignoring the motion to dismiss and entering the default judgment.
The judgment appealed from is affirmed.
PEARSON, Acting Chief Judge, and CARROLL, CHAS, J., concur.