**CITY BUILDING CORPORATION,**
Appellant,

v.

**Jos. D. FARISH, Jr., as Trustee of the Estate of Eugene T. O'Keefe, Bankrupt, and not individually, Appellee.**

**No. 18805.**

United States Court of Appeals
Fifth Circuit.

July 20, 1961.

Rehearing Denied Aug. 30, 1961.

Charles H. Warwick, III, Warwick, Paul & Warwick, West Palm Beach, Fla., for appellant.

Sidney M. Dubbin, Farish & Farish, West Palm Beach, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

JONES, Circuit Judge.

The appellant, City Building Corporation, made a written lease of mercantile property in Palm Beach County, Florida, to Eugene T. O'Keefe at a stated monthly rental of $600.00. On November 4, 1958, the appellant instituted in a Florida court a proceeding of distress for rent, levy upon the goods of O'Keefe was made by the sheriff on November 8, 1958, and judgment was entered on November 15, 1958, for $3,689.40, representing six months' rent in the amount of $3,600.00, and costs of $89.40. The goods were sold at a distress sale under court order on November 25, 1958, to the appellant on its bid of $3,757.64. Shortly thereafter, the appellant sold the goods so purchased for $1,500.00.

On November 12, 1958, an involuntary petition in bankruptcy was filed against O'Keefe and early in the following month he was adjudicated a bankrupt. The appellee, as trustee of the bankrupt's estate, brought suit against the appellant claiming that it was entitled to a preferred lien for rent for only a three-month period and seeking judgment for $1,957.64, as the difference between the amount of its satisfied judgment of $3,-757.64, representing six months' rent, and $1,800.00 which was the amount of three months' rent. Both parties moved for a summary judgment. The court granted summary judgment for the appellee in the amount of his demand and this appeal is from that judgment.

The claim of the appellee was based upon Section 67, sub. c of the Bankruptcy Act [1] as limiting the lien of the appellant to three months' rent. It is contended by the landlord appellant that its landlord's lien is not a "lien of distress for rent" within the meaning of Section 67, sub. c of the Bankruptcy Act and hence its protected lien is not limited to the amount of three months' rental. Its lien, asserts the landlord, arises under the Florida statute, [2] and it directs our attention to the decision of the Florida Supreme Court holding that the levy of a distress warrant is not a prerequisite to the effective creation, under the Florida law, of a landlord's lien upon property of the tenant kept upon the leased premises. Lovett v. Lee, 141 Fla.

1. "Where not enforced by sale before the filing of a petition initiating a proceeding under this title, and except where the estate of the bankrupt is solvent: (1) though valid against the trustee under subdivision (b) of this section, statutory liens, including liens * * * whether statutory or not, of distress for rent shall be postponed in payment of the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title and such liens for wages or * * * rent shall be restricted in the amount of their payment to the same extent * * * provided for wages and rent respectively in subdivision (a) of section 104 of this title; and (2) the provisions of subdivision (b) of this section to the contrary notwithstanding, statutory liens created or recognized by the laws of any State for debts owing to any person, including any State or subdivision thereof, on personal property not accompanied by possession of, or by levy upon or by sequestration or distraint of, such property, shall not be valid against the trustee: * *" 11 U.S.C.A. § 107, sub. c.

2. "Every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:

"(1) Upon agricultural products raised on the land leased or rented for the current year. This lien shall be superior to all other liens, though of older date.

"(2) Upon all other property of the lessee or his sub-lessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.

"(3) Upon all other property of the defendant. This lien shall date from the levy of the distress warrant hereinafter provided." Fla.Stat.Ann. § 83.08.

395, 193 So. 538. The Florida statute [3] provides a summary remedy known as distress for rent for perfecting and enforcing the statutory lien created by Section 83.08. Concrete Block & Wall Co. v. Knap, Fla.App., 102 So.2d 742; 15 Fla. Law & Practice 186, Landlord and Tenant § 22. The statute providing for a rent lien and the statute providing for distress warrants must be construed together. Matthews v. McCain, 125 Fla. 840, 170 So. 323. Since the lien of a landlord in Florida is perfected and enforced by distress, and perhaps is to be enforced only by that remedy,[4] such lien is a lien of distress for rent within the meaning of Section 67, sub. c of the Bankruptcy Act.

Distress for rent is a common law remedy and one of the rare cases in which the law allowed "a man to be his own avenger, or to minister redress to himself." 3 Cooley's Blackstone 3rd Ed. 5. This common law remedy of distress for rent, existing without statute and creating a lien upon seizure of the tenant's property, has been superseded in most jurisdictions, as in Florida, by a statutory remedy. The common law remedy of distress for rent is still extant where not abolished or superseded by statute and is still being exercised. Bickel v. Polaris Investment Co., D.C.Alaska 1957, 155 F.Supp. 411, 17 Alaska 389. To bring all of the liens of landlords upon property of tenants within the provisions of Section 67, sub. c, the statute covered not only statutory liens, but also liens, whether statutory or not, of distress for rent. Even though it could be said that the rent lien of the appellant was not a lien of distress for rent, it would nevertheless be a statutory lien. Since the lien had not been enforced by sale before the petition in bankruptcy was filed, the court properly held that it was postponed to administration expenses and wages under Section 64, sub. a(1), (2) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1), (2). See Feibelman, Effect of Florida Law on Administration in Bankruptcy, 32 Fla.Bar J. 175, 180; Friedman, Secured Creditors in Bankruptcy, 10 U. of Fla.L.R. 473, 476.

The appellant urges that if it be held to be subject to the provisions of Section 67, sub. c, its required response should be measured by the value of the property which it bought at the sale under distress rather than the amount of its bid. It urges that the only benefit to it was its realization upon the sale of the property and it should not be required to account for an amount in excess of the value which it received. No authorities are cited to support the rule for which the appellant contends. It urges that it should be relieved from the the effect of what it claims was an overbid made in keeping with a custom of creditors to bid at execution sales the amount of the judgment plus costs. Plausible as this entreaty may, at first blush, appear, it cannot be sustained upon any legal theory. A creditor, who causes a debtor's property to be sold, and becomes the purchaser at a judicial sale, stands in the same position at and after the sale of the property as would a stranger whose bid was accepted. City of Sanford v. Ashton, 131 Fla. 759, 179 So. 765. Since the creditor acquires the same rights as a high bidding stranger would acquire, it is proper to impose upon it the same duties and obligations as are cast upon a third party successful bidder and to hold it to the amount of its bid. The appellant is saying in effect, that it did not get value received for its bid. Its contention is that the goods which it bought were an inadequate consideration for the amount which it bid. In the absence of fraud, misconduct, mistake, accident, surprise or irregularity, a judicial sale will not be set aside where the consideration for the property sold is inadequate. City of Sanford v. Ashton, supra; 33 C.J.S. Executions § 233, p. 492. We think the same principle

---

3. Fla.Stat.Ann. § 83.11–19.

4. Cf. Benedict v. Gress Mfg. Co., 101 Fla. 1359, 134 So. 66; Concrete Block & Wall Co. v. Knap, Fla.App., 102 So.2d 742.

should apply where the claim is made that the consideration for the bid price is inadequate.

No error appearing, the judgment of the district court is

Affirmed.