R. E. JACQUES v. WELLINGTON CORPORATION.

183 So. 22.
Opinion Filed August 2, 1938.

*A. Patrick Cannon* and *Mercer & Simms,* for Plaintiff in Error;

*Wilson Trammell* and *Whitfield & Whitfield,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment against the petitioner in the Circuit Court of Dade County in which judgment petition for writ of certiorari was denied.

Attorneys for the respective parties have at the bar of this Court requested and assented, respectively, to the immediate disposition of this cause by the Court referring to briefs filed in another case now pending here and considering the record in that case as a part of the record in this case and have agreed not to request oral argument. Our docket of cases not noted for oral argument is in such condition that cases so pending may be immediately taken up for disposition; therefore, we can take up and dispose of this case without displacing others, which we now do.

The pertinent facts alleged in the petition are that proceedings were instituted in the County Judge's Court to evict petitioner, a tenant of certain lands, on the ground

that he was unlawfully holding possession of the leased premises after the expiration of his lease; that in such proceedings petitioner traversed the statutory affidavit and demanded a jury trial; that the trial resulted in favor of defendant-petitioner; that motion was made and granted for a new trial. That when the cause came on for a second trial it was submitted to a jury, but the Judge, at the close of the testimony, invaded the province of the jury and directed the jury to return its verdict in favor of the plaintiff and against defendant.

Several other matters and things are set up in the petition concerning this and other litigation between the parties which are of no moment as to the merits of the matter before us, but some of which we may properly mention in passing, viz.: Petitioner, after the landlord's action was filed, filed a suit in Circuit Court to procure the specific performance of an alleged contract for lease. When he prevailed in the first trial of the landlord and tenant action in the County Judge's Court he moved the Circuit Court to hold that judgment *res adjudicata* of the issues involved in the chancery suit and to thereupon dismiss the bill. The Circuit Court entered a general order dismissing the bill. Then the County Judge granted a new trial and on the new trial the plaintiff contended that the order of the Circuit Court dismissing the bill for specific performance was *res adjudicata* of the issues in the landlord and tenant suit and the record indicates that the County Judge agreed with that contention.

The judgment in the County Court was not *res adjudicata* to the issues presented in the chancery suit, nor was the order dismissing the bill in the Circuit Court *res adjudicata* to the issues presented in the landlord and tenant action. The causes of action in the two cases were entirely different. Different rights were asserted· in each suit and

different issues were necessarily presented. It is true the suits were between the same parties and involved rights, but not the same sort of rights, to the same property. One of the parties might have legally and properly prevailed in one of the suits while the other party may have just as lawfully and properly prevailed in the other.

So the only contention presented which may have constituted basis for certiorari is that the County Judge departed from the essential requirements of the law in and by directing a verdict for one of the parties.

The action is strictly a statutory one brought under the provisions of Sec. 3535 R. G. S., 5399 C. G. L., *et seq.*

Section 3539 R. G. S., 5403 C. G. L., provides:

"Trial.—The person in possession of said premises, and any person claiming possession thereof, may at the time appointed in said summons for showing cause, or before, file an affidavit with the county judge denying the facts upon which the said summons was issued, or any of the facts, and the matter therein controverted shall be tried by the judge, unless a jury be demanded, in which case it shall be tried by six legal jurors to be immediately summoned upon the order of the judge and empaneled for that purpose."

In the case of State, *ex rel.* Jennings, v. Peacock, 126 Fla. 743, 171 Sou. 821, we held:

"Tenant in eviction proceedings in the County Judge's Court *held* entitled to jury trial without being required to make deposit to pay jury."

The statute provides for a summary proceeding and must be strictly construed and must be substantially followed. Sec. 3539 R. G. S., 5403 C. G. L., has been hereinbefore quoted.

The authority vested in the several Judges of Courts of this State to direct verdicts is found limited in Sec. 2696

R. G. S., 4363 C. G. L. A perusal of that section discloses that it vests in Judges of certain designated courts power to direct verdicts, but vests in the County Judge as Judge of the County Judge's Court no authority to direct a verdict in favor of the plaintiff in any case. Therefore, it must be construed that such power is withheld.

So it appears by the allegations of the petition that in the trial of the cause the County Judge did not proceed according to the essential requirements of the law in directing a verdict for the plaintiff.

For the reason stated, the judgment of the Circuit Court must be reversed and the cause remanded with directions to issue the writ.

So ordered.

ELLIS, C. J., and BROWN and CHAPMAN, J. J., concur.

WHITFIELD, J., dissents.

WHITFIELD, J. (dissenting).—Though under Sections 4363 (2696), 5202 (3349), 5206 (3353) C. G. L. a county judge is not authorized to direct a verdict in the trial of a possessory action under the statutes of the State; yet where as in this cause the plaintiff proved a *prima facie* case on the material issue presented, and there was no sufficient evidence offered "upon which the jury could legally find a verdict for" the defendant, the verdict for the plaintiff was not harmful to the defendant, petition and certiorari is not applicable. See Am. Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740; 10 American Jurisprudence 531; 4 Enc. Pl. & Prac. 34; 5 R. C. L. 255, note 17.