DADE REALTY CORPORATION, a Florida Corporation, v. ESTHER SCHOENTHAL, SYLVAN SCHOENTHAL, and NORMAN SCHOENTHAL, and the CIRCUIT COURT OF DADE COUNTY, FLORIDA, and the JUDGES THEREOF.

6 So. (2nd) 845                                    En Banc
March 10, 1942

Patton & Kanner and Redfearn & Ferrell, for relator.

Harry Gordon and J. M. Flowers, for respondents.

TERRELL, J:

In a landlord and tenant or distress proceeding in the county judge's court of Dade County, relator recovered a judgment against respondents awarding it possession of described premises for non payment of rent. A warrant of possession was issued directing the sheriff to place relator in possession of the premises.

Respondents forthwith filed petition for certiorari in the circuit court on consideration of which, writ was issued directed to the county judge commanding him to send up the record in the distress proceeding for the purpose of examination and correcting errors therein. A motion to dismiss the petition for certiorari was denied and the relator filed in this Court his suggestion for prohibition praying that the Circuit

Court of Dade County and the judges thereof be restrained from proceeding further by certiorari and that the stay order issued therein be set aside.

It is contended that the circuit court was without authority to issue the writ of certiorari because (1) respondents had ample remedy by appeal to review the judgment of the county judge, (2) the circuit court was without jurisdiction of the subject matter and (3) relator is irreparably injured by the writ of certiorari and is without adequate legal remedy except by writ of prohibition.

In our view, there was no basis for the writ of certiorari and it should have been denied. Landlord and tenant or distress proceedings as provided by Section 5398 to 5406, Compiled General Laws of 1927, are summary in nature and were provided for the purpose of giving a landlord speedy relief where (1) the tenant defaults in payment of rent under his contract, or (2) where he stays on and refuses to vacate the premises after the expiration of his rental contract.

In the case at bar, respondents defaulted in payment of rent on a hotel as their contract provided and the relator secured a judgment of eviction by distress proceedings in the manner provided by statute. The sole issue was whether or not the rent was in default. If it was, that was the end of the law and relator was entitled to his judgment. There was no question of due process, equal protection, or the violation of fundamental rights unless the rent was actually paid. If the rent were in default and the proceeding regular, the judgment was legal.

Section 5406, Compiled General Laws of 1927, provides for an immediate appeal of the distress judgment to the circuit court upon giving a bond to be approved

by the county judge in such amount as he may fix to indemnify the adverse party for all damages and costs that may accrue to him by reason of taking the appeal. A casual reading of this statute will reveal that it was designed to cut off any other means of review except by appeal to the circuit court in the manner provided. If the statute is harsh, the remedy is with the legislature.

In his return to the rule to show cause in prohibition, Harry Schoenthal, one of the defendants in the distress proceeding, alleges that he was not served with process and being so, the judgment was invalid as to him. He also alleges that he has put up a bond to protect the relator because of the stay order in the certiorari proceeding but he does not allege that the other defendants were not served nor does he allege that the rent was paid or that he stands ready to pay it.

It was not necessary that Harry Schoenthal be served personally with process in the distress proceeding. The statute (Section 5399, Compiled General Laws of 1927) provides that service may be made by delivery of a true copy to the tenant or "if he be absent from his last or usual place of residence, by leaving a copy thereof at such place." It is shown that all other defendants were served; he knew that the rent was due and since that was the sole issue, the service was sufficient. Any other interpretation would render that statute of no avail.

We have not overlooked the contention of counsel with reference to the scope of certiorari but it cannot be substituted for appeal or to intercept the plain provisions of a statute. It is not shown that the judgment attempted to be reviewed violates essential

requirements of the law or that in pursuing the distress statute personal or property guaranties were infringed, or that the remedy by appeal would not be adequate as was the case in State ex rel. Washburn v. Hutchins, 101 Fla. 773, 135 So. 298.

The writ of prohibition is therefore granted and all and each of the circuit judges of Dade County are prohibited from proceeding further in the certiorari proceeding herein and they are hereby directed to dismiss the said cause and to vacate the stay order issued therein.

It is so ordered.

BROWN, C. J., BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

WHITFIELD, J., not participating.