## ANNA WIESEN v. HERMAN SCHATZBERG, et al.

26 So. (2nd) 62                                    January Term, 1946
April 30, 1946                                              Division A
Rehearing denied May 25, 1946

*Broad & Cassel, Irvin Cypen, Keen & O'Kelley* and *Chas. H. Spitz,* for petitioner.

*Myers, Weiss & Rosen* and *Cleveland, Sibley & Davis,* for respondents.

BUFORD, J.:

This case is before us on Petition for Writ of Certiorari to review an order and judgment of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County.

The judgment complained of and sought to be quashed by this proceeding was entered on February 26, 1946, and dis-

missed the appeal taken to the Circuit Court from the judgment entered in the Civil Court of Record in and for Dade County, Florida in favor of the defendant in a landlord and tenant action.

The judgment of the Circuit Court also affirmed the judgment of the Civil Court of Record.

The appeal was dismissed by the Circuit Court because the notice of appeal filed in the Civil Court of Record was not filed within the period of time required by Section 83.27 Fla. Statutes 1941 (same F.S.A.). This statute limits the time within which appeals may be taken in such cases when tried in the County Judges Court to two days.

The Petitioner contends that the time allowed for taking of appeal from the Civil Court of Record to the Circuit-Court is fixed and controlled by Sec. 33.11 Fla. Statutes 1941 (same F.S.A.) which allows thirty days from the entry of judgment or order granting or denying motion for new trial in the Civil Court of Record in which appeal may be taken to the Circuit Court.

Respondents contend that the time for taking appeal in cases of this sort, this being a statutory proceeding, prescribed by Chapter 83 Fla. Statutes 1941 (same F.S.A.) is prescribed and controlled by Sec. 83.27 Florida. Statutes 1941 (same F.S.A.).

Chapter 21,868 Acts of 1943, in Sec. 1 thereof which has been brought forward as Sec. 33.14 Fla. Statutes Cumulative Supplement, 1943, provided:

"In all counties having a population of 260,000 or more according to the latest census taken pursuant to law, every Civil Court of Record established pursuant to statute shall have original jurisdiction of all cases at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of Five Thousand Dollars, and proceedings relating to forcible entry and unlawful detention of lands and tenements, including any statutory remedy relating to landlord and tenant, except when some other court under the Constitution shall have exclusive original jurisdiction of any such actions; and all such courts in such counties shall have two judges who shall draw the same compensation."

And so it is that the statutory proceedings prescribed to control in landlord and tenant actions by Chapter 83 Fla. Statutes 1941 (same F.S.A.) by the act giving Civil Courts of Record concurrent jurisdiction with County Judges Courts in such matters were made applicable to such proceedings were instituted in the Civil Court of Record.

In Jacques v. Wellington Corporation, 133 Fla. 819, 183 So. 22, we held:

"The statute providing for summary proceeding by landlord to evict tenant must be strictly construed and substantially followed."

And in Dade Realty Corp. v. Schoenthal, et al., 149 Fla. 674, 6 So. (2nd) 845, we held:

"Landlord and tenant or distress proceedings are provided by statute are 'summary' in nature and were provided for the purpose of giving a landlord speedy relief where the tenant defaults in payment of rent under his contract, or where he stays on and refuses to vacate the premises after the expiration of his rental contract."

In 4 C. J. Sec., page 889, Sec. 431, it is said:

"A particular time or period specifically prescribed for the taking or perfecting of an appeal, proceeding in error, or the like, in any particular action, or proceeding, or from or to any particular judgment, order or decree must be observed in cases falling within the content and purview of such statute; such special statutes are not deemed permissive, giving the party desirous of review an option between alternative times, namely, an election between the time thus specially provided and the time prescribed by the general statute where they differ, but are ordinarily designed to secure a prompt hearing and a final determination in cases with which they deal, and hence must be complied with. Thus, it has been held that the appeal or proceedings in error or for review may and must be brought within the time as limited by the relevant statute or rule of court, under enactments or rules particularly prescribing the time for appeal or error from or to interlocutory judgments, orders or decrees; . . . "

The text is amply supported by authorities cited thereunder.

The order of the Circuit Court insofar as it affirmed the judgment of the Civil Court of Record was without effect because the Circuit Court had dismissed the appeal on the ground that the notice of appeal was filed too late to give the Circuit Court jurisdiction of the appeal.

So our conclusion is that certiorari to review the order of the Circuit Court dismissing the appeal should be denied.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.