**IN THE MATTER OF THE ESTATE OF ELLSWORTH C. WARNER, Deceased.**

32 So. (2nd) 461
November 18, 1947

June Term, 1947
En Banc

*W. F. Maurer,* for appellants.

*Rogers, Towers & Bailey and Farish & Farish,* for appellee.

TERRELL, J.:

Ellsworth C. Warner died testate early in 1942. He left a large estate, the major portion of which he disposed of by will to his wife and four sons. The Florida National Bank of Jacksonville and the Florida Bank and Trust Company of West Palm Beach were appointed executors of his estate. On February 6, 1947, the administrators had proceeded to final accounting without objection, but at this time Harold L. Warner, one of the sons, and the members of his family, hereafter referred to as appellant, filed exceptions to the final accounting and included therewith a motion for six months continuance in order that they might file additional exceptions to the final accounting.

The probate court denied the motion for continuance and set the case for hearing on the issue made by the exceptions to the final accounting. At final hearing the exceptions to the accounting were overruled, the accounting was approved and the executors, hereafter referred to as appellees, were ordered to distribute the remainder of the estate. A petition for rehearing was overruled and approved and appeal was taken to the Circuit Court. A motion to dismiss the appeal was granted and from that order appellants filed their notice of appeal to this Court, including therewith directions to the Clerk for preparing the record on appeal. The appellees filed additional directions to the clerk for preparing the record on appeal.

The appellants moved to strike appellees' additional directions to the clerk. On first consideration the Circuit Court

granted the motion to strike but on rehearing he rescinded said order, reinstated appellee's additional directions to the clerk and directed him to prepare the record on appeal accordingly. Appellants now move this Court to exercise its jurisdiction of the transcript and either strike appellee's additional directions to the clerk, or direct him to prepare only such record on appeal as is essential to determine the question brought up for consideration.

It is not disputed that the Circuit Court dismissed the appeal from the probate court because it was not taken within the time prescribed by law. The sole assignment here is directed to the order of dismissal, so the real question with which we are now confronted is, what part of the record is essential to review the Circuit Court's order of dismissal, or were appellant's directions to the clerk ample to supply a record for this purpose?

Appellees' additional directions to the clerk were predicated on the theory that this court is interested in the judgment of the trial court rather than the reasons for his judgment, and being so, appellees are entitled to have before this court all the grounds for dismissal that were presented to the lower court. In other words, it is contended that this court will not reverse the lower court for giving a wrong reason for his judgment if there were correct reasons before him for it. Stated otherwise, the lower court's judgment will not be reversed merely on the ground that an erroneous reason was assigned for a correct judgment.

Rule Eleven of the Rules of this Court contemplates that both appellant and appellee may file directions to the clerk and bring up any part of the transcript essential to the consideration of the lower court's ruling. Rule 11 (11) of the Rules of this Court also vests the "supervision" of the record on appeal in the trial court subject to "control" by this Court. The purpose of vesting "supervision" of the record on appeal in the lower court was to give it ample power to control its preparation and direct that only such part be included as is essential to dispose of the questions brought here for determination. The lower court's "supervision" of the record on appeal being subject to the "control" of this court, it follows that

this court is clothed with plenary power to control the preparation of the record. The reason being that litigants may not be burdened with the expense of bringing useless matter to this Court. Red Top & Baggage Co. v. Dorner, 31 So. (2nd) 409-411.

If the lower court was correct in holding that the appeal was not taken within the time required by law, that is the end of the litigation, because the time fixed by law within which an appeal must be brought goes to the question of jurisdiction. If the appeal was not taken within the time required, the right to take it was forfeited and it conferred no jurisdiction on the appellate court.

If this Court affirms the judgment of the Circuit Court, appellees' case will not be prejudiced one whit. It is contended by appellants that it will cost $1500.00 to bring up such portions of the record on appeal as are embraced within appellees' additional directions to the clerk. If this court agrees with the Circuit Court this will be a useless expenditure and to impose it on either litigant under the circumstances would seem to reveal an inordinate weakness in our system of administering justice. To permit a litigant to be "skinned" in search of justice is an unpardonable paradox that may appropriately be charged against the court. We think that wisdom and justice require us to hear this appeal on the sole question decided by the Circuit Court, but without prejudice to amend the record on appeal by the addition of such portions as are essential, to consider any other question that was before the Circuit Court, in case we reverse his judgment on the point decided.

The motion to strike the additional directions to the clerk for making up the record on 'appeal is therefore granted for the purpose of this appeal and he is directed to proceed to its preparation as pointed out in this opinion.

It is so ordered.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS, SEBRING and BARNS, JJ., concur.