**LAUDERDALE BY THE SEA DEVELOPMENT COMPANY, a Florida Corporation, et al, v. LAUDERDALE SURF AND YACHT ESTATES, INC., a Florida Corporation, et al.**

37 So. (2nd) 364

November 5, 1948

June Term, 1948

Special Division A

*Roach & Hoyl,* for appellants.

*James M. Crum* and *McCune, Hiaasen, Fleming & Kelley,* for appellees.

BARNS, J.:

The appellees have moved to dismiss the appeals on the grounds that they were not entered within the limitation of time prescribed by Section 59.08, F.S. 1941, F.S.A.

Under date of April 1, 1948, the chancellor, on final hearing upon the plaintiffs' bill, defendants' answer counterclaim and testimony, entered a final decree whereby the defendants were enjoined and restrained from interfering with plaintiffs' enjoyment of certain property adjudged to be the property of the plaintiffs and were enjoined from removing sand from the beach between the plaintiffs' property and the water, and denied the defendants' counterclaim but, it said final decree, provided, however, that:

"The Court retains jurisdiction of this cause to settle all questions that the Court has jurisdiction to settle under the pleadings and the proceedings in this case not settled by this decree, and to make such other and further orders and decrees herein as shall be necessary to make the same effectual."

Thereafter, on April 17, 1948, the defendants filed a petition for rehearing.

Thereafter, on April 22, 1948, the plaintiffs filed a motion for taxation of costs.

Thereafter, on May 12, 1948, the chancellor, is passing upon said motion for rehearing and said motion for taxation of costs, ordered and decreed as follows:

"'It is ordered and decreed that defendants' petition for rehearing is denied; the motion to strike filed March 8, 1948, is denied; the petition for an order granting the benefits of the final decree to certain individuals is denied; Court costs amounting to $176.10 are assessed against the defendants."

Thereafter, on July 9, 1948, the defendants entered their notice of appeal (1) to review the final decree of May 12,

1948, and (2) to review the judgment and decree dated April 1, 1948.

We now have before us for adjudication the appellees' motion to dismiss the appeal on the ground that the appeal was not prosecuted to this Court within the time allowed by law, to-wit: Sixty days, as provided by Section 59.08 F.S. 1941 F.S.A. (Laws 1945) as follows:

"59.08 Time for Taking Appeals or Filing Petitions for Certiorari:

"Appeals, including petitions for review by certiorari, on proceedings in the nature of certiorari, shall be taken or filed within sixty days from and after the entry of the order, decision, judgment, or decree appealed from."

The decree of April 1, 1948, purported to and did adjudicate the equities between the parties. It was a judgment on the merits of the controversy. It was not interlocutory in character or quality. Upon its entry the time began to run when the Supreme Court could acquire jurisdiction. It was subject to appeal. The time began to run when the circuit court would lose jurisdiction as to the matters adjudicated, subject, however, to being upset in the event of the granting of a rehearing by the chancellor at a time when he had jurisdiction for such purpose.

The mere filing of a petition for rehearing will not stay the effect of the final decree or arrest the operation thereof so as to stop the running of time. More is required. There was no stay of the decree by order of the chancellor, as authorized by Section 63.71, F.S. 1941, F.S.A. The Statutes on rehearing and the effect of the filing of a petition therefor are as follows:

63.70 Rehearings

"Every petition for rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party, or by some other person. No rehearing shall be

granted unless the petition is filed within twenty days after the recording of the decree."

63.71 Petition for Rehearing as Stay

"No petition for rehearing shall operate to stay the proceedings unless so ordered by the court. The court in granting any such stay of proceedings, may fix the term and conditions of such stay. The court on ex parte application may grant a stay on such petition for a period not exceeding five days, but no stay for a longer period shall be granted except on notice previously given to the opposing party."—Sec. 63.70-63.71, F.S. 1941, F.S.A.

The petition for rehearing of the decree of April 1, 1948, was filed April 17, 1948, and was *denied* on May 12, 1948. The appeal was entered on July 9, 1948, which was not within the sixty days limitation as prescribed by Section 59.08, F.S. 1941, F.S.A., as amended (1945).

It appears that appellees' motion to dismiss the appeal of the decree of Appeal 1, 1948, is well founded, and the motion is granted.

The appellants also on July 9, 1948, entered their appeal of the decree of May 12, 1948, wherein and whereby the chancellor decreed that "court costs amounting to $176.10 are assessed against the defendants."

The question of taxing court costs was reserved by the chancellor in his decree of April 1, 1948, and the taxing of costs in nowise affected the equities as decreed on April 1, 1948. The equities of the subject matter of the first decree were in nowise modified or altered by the latter decree. Both were final in effect and became res judicata unless reversed or modified on appeal.

The appeal of the latter decree of May 12, 1948, was within the time limitation as fixed by Section 59.08, supra, and the motion to dismiss the appeal of such decree is denied.

TERRELL, Acting Chief Justice, CHAPMAN and SEBRING, J.J., concur.