58 So.2d 153 (1952)
WOLF
v.
CLEVELAND ELECTRIC CO., Inc.
Supreme Court of Florida, Special Division B.
April 1, 1952.
*154 Murrell & Murrell, Jacksonville, for appellant.
Wm. Joe Sears and Eli Fink, Jacksonville, for appellee.
MATHEWS, Justice.
The appellee filed a motion to dismiss an appeal in this case upon the following grounds:
"It affirmatively appears from the record herein that Final Judgment in this cause was entered for the Defendant in the Court below on November 24, 1950; that no appeal from said Final Judgment has been taken and that the time for taking such appeal has long since expired.
"Said appeal is frivolous."
The important question is whether or not the order of the Circuit Court on November 24, 1950, was a final judgment.
The order of the Court was as follows:
"This cause came on to be heard this day on defendant's demurrer to plaintiff's second amended declaration, and the same having been argued by counsel for the respective parties, and it appearing to the Court that the specifications in contract documents referred to in the declaration, paragraph 2100-10, affirmatively show that some of the equipment required for the construction of the job which plaintiff contends he was hired to perform, to-wit, two 37500 KVA transformers and certain material and equipment for 66 KV substations and two turbine generator units and accessories were not contracted to be delivered within one year from the date of the alleged contract, and it appearing to the Court that this makes the time of performance beyond the period of one year and therefore places the alleged contract upon which plaintiff bases his cause of action within the statute of frauds, to-wit, Section 725.01, F.S.A., and the Court being advised in the premises, it is, upon consideration thereof,
"Ordered and Adjudged that defendant's Demurrer and motion to strike be and the same are hereby granted, and it appearing to the Court that the plaintiff cannot further plead herein as a matter of law, it is, therefore,
"Further Ordered and Adjudged that final judgment herein be and the same is hereby entered for and in behalf of the defendant."
The above order was a final judgment from which an appeal could have been taken. "`Final judgment' means the finish of the judicial labor, pronouncement of the ultimate conclusion of the court upon the case * * *." Foley v. State, Fla., 50 So.2d 179, 186.
The time fixed by the statute within which an appeal must be taken from a final judgment is jurisdictional and where an appeal is not taken within the time required, no jurisdiction is conferred on the *155 appellate court. In re Warner's Estate, 159 Fla. 675, 32 So.2d 461.
In this case a petition for rehearing was filed and other proceedings had. In the course of these other proceedings after the above final judgment was entered the plaintiff made a motion ore tenus for leave to file a Third Amended Declaration, which was denied by the Court on December 11, 1951, in the following words:
"Ordered Considered and Adjudged that the plaintiffs ore tenus motion for leave to file Third Amended Declaration be and the same is hereby denied.
"It is further Ordered Considered and Adjudged that the plaintiff, Charles H. Wolf, doing business as National Electric Company, take nothing by his suit and that the defendant, Cleveland Electric Company, Inc., a Georgia Corporation, go hence without day and have and recover of and from the plaintiff his costs in this behalf expended."
On the 3rd day of January, 1952, the plaintiff in the court below, appellant here, attempted to take an appeal from the last mentioned order.
The final judgment entered on the 24th day of November, 1950, was the final judgment, and the other proceedings, such as, petition for rehearing and motion to file a third amended declaration, and the orders thereon, did not stop the running of the statutory period within which the appeal was required to be taken from the final judgment of November 24, 1950. Lauderdale By The Sea Development Co. v. Lauderdale Surf & Yacht Estates, Inc., 160 Fla. 912, 37 So.2d 364, 10 A.L.R.2d 1072.
Even if the order dated December 11, 1951, above quoted could be considered as the final judgment in this case, it would be necessary that we affirm the same under the authority of National Surety Corp. v. Sholtz, 123 Fla. 110, 166 So. 213; Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883; Gill v. Smith, 119 Fla. 293, 161 So. 282.
The appeal is quashed.
SEBRING, C.J., and CHAPMAN and HOBSON, JJ., concur.