ROBERTS, Chief Justice.
On appellees’ motion to dismiss this appeal, the sole question presented is whether a petition for rehearing to review a final decree which grants no affirmative relief will operate to toll the running of the statutory time in which to file an appeal from such final decree. This question must be answered in the affirmative, under the authority of Dade County v. Snyder, 134 Fla. 756, 184 So. 489; O’Steen v. Thomas, 146 Fla. 73, 200 So. 230; and Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175, 183.
The cases of Lauderdale by the Sea Development Co. v. Lauderdale Surf & Yacht Estates, Inc., 160 Fla. 929, 37 So.2d 364, 10 A.L.R.2d 1072, and Wolf v. Cleveland Electric Co., Inc., Fla., 58 So.2d 153, relied upon by appellees’ in support of their motion to dismiss, are not authoritative here. In the Lauderdale by the Sea case, affirmative relief was granted by the decree appealed from, so that, in the absence of a stay order, the statutory appeal period began to run from the date of its entry. In the Wolf case, a petition for rehearing was filed in a common-law action; and, as pointed out by Mr. Justice Hobson in Kent v. Marvin, Fla., 59 So.2d 791, 792, “since there is no provision for the filing of a petition for rehearing, in a common-law action, and in view of the fact that said ill-begotten petition cannot be treated as a motion for a new trial, there was actually nothing before, the lower court and nothing to be brought before this Court except the final judgment entered November 24, 1950.”
The correct rule is, then, as stated in Hollywood, Inc., v. Clark, supra [153 Fla. 501, 15 So.2d 183], that “where the court’s decree grants no affirmative relief and is self-executing and theré are no proceedings for a stay order to operate upon, there is manifestly nothing to stay, and the timely filing and presentation of a petition for rehearing under section 70 of the same act, § 63.70, Fla.Statutes, F.S.A. [now superseded by Florida Equity Rule 70, 31 F.S.A., which is identical thereto]' suspends the final decree until thé petition is disposed of.”
For the reasons stated, the motion to dismiss the appeal should be and it is hereby
Denied.
THOMAS, HOBSON, and DREW, JJ., concur.