TERRELL, Justice.
Appellee sued appellant for divorce, charging extreme cruelty, adultery and habitual intemperance. A settlement of property rights was also prayed for. Defendant’s answer denied the allegations of the complaint, proffered a counterclaim, praying for divorce on the ground of extreme cruelty and prayed for equitable division of all property owned by the parties.
A final decree was entered July 22, 1952, awarding the plaintiff a divorce, the legal and equitable title to certain real property owned by the parties as an estate by the entireties, together with certain personal property located on the premises. Defendant was awarded an automobile, a boat and other, personal effects. August 11, 1952, defendant moved for a rehearing which he did not bring on for hearing till April 8, 1953. On June 8, 1953, defendant was permitted to offer affidavits, and newly discovered evidence in support of his petition for rehearing. The purpose of this procedure appears to have been to enable the court to determine whether or not the petition for rehearing had merit. June 3, 1953, petition for rehearing was denied. July 31, 1953, more than one year after entry of the final decree, appellant filed his notice of appeal to review the order deflying the' petition for rehearing. August 8, 1953, appellant filed his assignments of error wherein he challenged the correctness of the final decree entered more 'than a year, prior thereto. September 11, 1953, appellee moved in this Court to strike the assignments of error, which motion was denied. September 21, 1953.
Appellee contends that this .Court should now grant a rehearing and strike the assignments of error, thus disposing' of the controversy, because appellant has abandoned all assignments of error except assignment 2 which attacks the correctness of the final decree. This is true says ap-pellee, because an order denying a petition for rehearing taken more than sixty days after entry of the final' decree does not bring up the merits of the final decree for review. Thomkin Corp. v. City of Miami Beach, 135 Fla. 360, 185 So. 422; Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175; and Lauderdale By The Sea Development Co. v. Lauderdale Surf and Yacht Estates, 160 Fla. 929, 37 So.2d 364, 10 A.L. R.2d 1072 are relied on to support this contention. The trial court, for apparently good reasons rejected this contention. This appeal is from the final decree except as to that part granting the divorce.
Several questions are urged for determination but in our view they all turn on that of whether or not a lump sum in property may be awarded as alimony.
We think this question requires an affirmative answer. Section 65.08, Florida Statutes 1951, F.S.A., authorizes the payment of alimony in a lump sum. Bezanilla v. Bezanilla, Fla., 65 So.2d 754 and Fuller v. Fuller, Fla., 38 So.2d 51 support the view that a court of equity may decree all property owned by the entireties to the wife'or the husband, divide it equally between them and thus give full relief and close the matter in litigation. Appellant derives comfort from Section 689.15, Florida Statutes 1951, F.S.A., abolishing the right of survivorship in real estate held by joint tenants but we do not think said statute has any application to this case. We have also examined *812 Boles v. Boles, Fla., 59 So.2d 871; Hogan v. Martin, Fla., 52 So.2d 806 and Markland v. Markland, 155 Fla. 629, 21 So.2d 145, but these cases do not rule the case at bar.
The record shows that at the time this suit was instituted the parties owned a small parcel of land near Ocala on which was located a dwelling. Appellee contributed about $3,000 and appellant about $800 to purchase the property. A restaurant was later constructed on the property with funds borrowed by botl? parties and repaid with profits from the restaurant which was conducted in the name of both parties, but appellee appears to have kept the books and assumed all responsibility for the labor and management. Appellant appears to have been a kind of majordomo about the place but spent his time neglecting the business, getting drunk, insulting the patrons, spitting on his wife and otherwise discrediting the business. He had no affinity for good manners and was allergic to consistent labor. Some of his antics, such as spitting on his wife, were child stuff or the conduct of an emotional moron. He evidently had not grown up emotionally or was consumed by such destructive emotions as envy, selfishness and suspicion.
From the profits of the restaurant appellant purchased an automobile that cost $1,502.50, a kicker and a boat. At the time they were divorced he was in possession of the boat and kicker and an automobile, which with some other personal effects he was awarded. The court found that in addition to appellee’s one-half interest in property, she was entitled to a $2,500 lien on defendant’s one-half interest for money she had advanced from sale of her property to purchase the home, that she was entitled to alimony and since the property was only worth about $6,000, the wife’s legal and equitable interest therein, excluding her claim for alimony, amounted to almost the value of the property. Since ap-pellee had demonstrated her ability to conduct the business successfully, the court awarded her all the real estate and relieved defendant of any claim for alimony, suit money, costs and attorney’s fees.
In view of the picture presented by the record we think the chancellor was authorized by Section 65.08, Florida Statutes 1951, F.S.A., to enter the order he did. He had power to make a lump sum award for alimony, both parties were satisfied with the divorce, the business was small and the wife was the only one who had shown capacity to conduct it. Under the circumstances the decree entered by the chancellor was the only one that comported with reason.
It is accordingly affirmed.
Affirmed.
ROBERTS, C. J., concurs specially.
MATHEWS, J., and MILLEDGE, Associate Justice, concur.