84 So.2d 591 (1956)
Betty GANZER, Appellant,
v.
Fred GANZER, Appellee.
Supreme Court of Florida. En Banc.
January 13, 1956.
Norman F. Solomon, Miami Beach, for appellant.
Herbert H. Hutner, Miami Beach, for appellee.
DREW, Chief Justice.
The lower court entered a final decree June 15, 1955, granting a divorce to the wife and ordering the husband to pay $10 weekly alimony and attorney's fees. A petition for rehearing was filed July 1, 1955 and denied August 26, 1955. The notice of appeal was filed on August 31, 1955. We now consider a motion to dismiss the appeal on the ground the same was not timely filed. Appellant asserts that the pendency of her petition for rehearing tolled the time within which an appeal could be taken.
In Beck v. Littlefield, Fla. 1953, 65 So.2d 722, we stated that where an equity decree grants no affirmative relief so that there are no proceedings for a stay order to operate upon, there is nothing to stay and the timely filing of a petition for rehearing tolls the time within which appeal may be taken. And in Lauderdale by the Sea Development Co. v. Lauderdale Surf & Yacht Estate, 1948, 160 Fla. 929, 37 So.2d 364, 10 *592 A.L.R.2d 1072, we said that if the decree grants affirmative relief, the petition for rehearing of itself will not toll the time for appeal but there must also be obtained a stay order pursuant to what is now Rule 3.16, 1954 Florida Rules of Civil Procedure.
This Court has also observed that, except where a stay order is required, a petition for rehearing operates to toll the time for appeal under a rule which is "the same as that applicable in common law * * * actions." Redwing Carrier, Inc., v. Carter, Fla. 1953, 64 So.2d 557, 559. We have reviewed and reconsidered what was said with reference to the exception where a stay order is required. It appears that there is no basis for this distinction. The purpose of a stay order provided for in Rule 3.16, supra, is to regulate the enforcement of the decree in the trial court. It does not pertain to nor affect appellant proceedings. Therefore, we now hold that a petition for rehearing in equity timely filed has the same effect for tolling the time for appeal whether or not a stay order has been entered. A petition for rehearing in equity therefore operates to toll the time for appeal in the same manner as does a motion for new trial filed on the law side of the court. This result establishes uniformity in procedure and eliminates uncertainty and doubt.
The purpose of tolling the time for appeal where a timely motion for a new trial is pending on the law side of the court is to avoid the necessity for taking an appeal until it is determined that there will in fact be need for that. The same reasoning is equally applicable in equity. Until a timely petition for rehearing has been ruled upon, the decree does not become final for purposes of appeal. The judicial labor has not been completed. Thus the fact that in this case no stay order was entered is immaterial even though the decree granted affirmative relief.
However, the petition for rehearing filed and served fifteen days after the date of the final decree was not timely within the requirements of Rule 3.16, supra. In the analogous situation on the law side of the Court "a motion for a new trial in a common-law action made within the time provided by law tolls the running of the sixty day period allowed for an appeal until such motion for a new trial is disposed of by the trial judge." (Italics added.) Kent v. Marvin, Fla. 1952, 59 So.2d 791, 793. But it is only a motion for a new trial that is timely filed which tolls the time for appeal, "otherwise a motion for a new trial could be filed at any time and thereby the time in which a writ of error could be sued out could be extended indefinitely." City of Orlando v. Hewitt, 92 Fla. 933, 110 So. 874, 875.
This latter rule also applies in equity so that a petition for rehearing will toll the time for appeal only when it is timely filed pursuant to a valid statute or rule. See O'Steen v. Thomas, 146 Fla. 73, 200 So. 230. Because the petition for rehearing in this case was not timely filed, it did not serve to toll the time for appeal.
The motion to dismiss is hereby granted and this cause is hereby
Dismissed.
TERRELL, HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS and SEBRING, JJ., agree to conclusion.