DREW, Chief Justice.
The sole question presented here is whether the filing of a petition for rehearing on a judgment of a circuit court affirming a judgment or appealable order of a probate court tolls the time within which an appeal may be taken in the same manner as the filing of a petition for rehearing in a chancery case or a motion for a new trial in a common law case. See Ganzer v. Ganzer, Fla.1956, 84 So.2d 591, 592.
Sec. 732.16(8), Florida Statutes 1955, F.S.A. provides “The judgment of the circuit court on appeal shall be recorded by the clerk of the circuit court, * * *. The original final judgment of the circuit court shall serve as its mandate. * * *” Sec. 732.19, Florida Statutes 1955, F.S.A. authorizes an appeal from the circuit court and contains the express provision: “Such an appeal shall be taken within sixty days from the filing in the office of the clerk of the circuit court of the order or judgment of the circuit court appealed.”
We find no provision of the statute or rules which authorizes or recognizes a petition for rehearing in such instances. Unlike opinions and judgments of this court, the judgment of the circuit court acting as an appellate court in probate matters serves as the mandate.
The rationale of the opinion in Ganzer v. Ganzer, supra, is clearly applicable here. There we held that a motion for a new trial in a common law case and a petition for rehearing in a chancery case were clearly authorized by and provided for in the rules and statutes. Being a recognized pleading •required to be filed within a specified period of time, we held that the filing of either would “toll the time for appeal only when it is timely filed pursuant to a valid statute or rule.” (Emphasis ours.) There being no authority for a petition for rehearing in the circumstances of this case, such a petition does not toll the time for taking the appeal. Counne v. Saffan, Fla.1956, 87 So.2d 586, 587. There we said “there is no provision in our rules or statutes for attacking a summary judgment in a law action by petition for rehearing or by a motion for a new trial. * * * If an appeal is instituted it must be from the summary final judgment itself.”
This appeal having been prosecuted 88 days subsequent to the entry of the order appealed from is hereby dismissed.
HOBSON, THORNAL and O’CON-NELL, JJ., concur.