STURGIS, Chief Judge.
Appellee’s petition for rehearing insists that Rule 2.7 (a), Florida Rules of Civil Procedure, 31 F.S.A., relates only to jury trials in actions at law, and not to-probate proceedings, which traditionally are governed by the practice in equity. This is true since no comparable rule is spelled out in that phase of the rules dealing exclusively with suits in equity or in any statute or rule dealing specifically with probate proceedings.
 In the trial of equity cases before-a chancellor, established procedure does not permit dismissal of the complaint at the conclusion of the plaintiff’s evidence unless, the defendant elects to submit the cause for entry of final decree on the plaintiff’s proof only. 30 C.J.S. Equity § 579, p. 972;. Pearce v. Tharpe, 118 Miss. 107, 79 So. 69, 73. The county judge was without authority to grant the motion for directed verdict, but as a matter of procedure should have required defendant to submit the case on final hearing for entry of appropriate judgment on plaintiff’s proof only, or in the alternative have permitted the cause to. *881 proceed to final conclusion and entry of judgment on the evidence offered by both parties.
Our suggestion of the procedure to be followed in the trial court is not to' be construed as prohibiting further cross or redirect examination of the petitioner, whose testimony was interrupted by the granting of the motion discussed, or as limiting the discretion of the trial judge generally to supervise the presentation of proofs.
With the clarification herein expressed, we adhere to our former opinion, and the petition for rehearing is denied.