109 So.2d 604 (1959)
PLACID YORK CO., Inc., Appellant,
v.
CALVERT HOTEL COMPANY, Inc., Appellee.
No. 58-627.
District Court of Appeal of Florida. Third District.
March 10, 1959.
Rehearing Denied March 30, 1959.
Street & Greenfield, Miami Beach, for appellant.
Meyer, Weiss, Rosen & Rose and David I. Shedroff, Miami Beach, for appellee.
PEARSON, Judge.
The appellee moves to dismiss an appeal from a final judgment of the Civil Court of Record in and for Dade County, Florida, rendered in a statutory landlord and tenant proceeding. The appellee, as plaintiff, brought a petition for removal of tenant under § 83.21, Fla. Stat., F.S.A. Summary proceedings for removal of tenant may be brought in the civil court of record by virtue of § 33.14, Fla. Stat., F.S.A., and these proceedings are conducted in accordance with §§ 83.21-83.27, Fla. *605 Stat., F.S.A., which latter sections were originally enacted to provide the procedure for removal of tenant in the county judges' court. See Wiesen v. Schatzberg, 157 Fla. 375, 26 So.2d 62. Final judgment of eviction was entered on September 23rd, and a motion for new trial was filed by the defendant-appellant the following day. After hearing, an order denying the motion for new trial was entered on September 29th, and recorded the same day. The notice of appeal to this court[1] was filed October 3rd. The question to be determined is whether the appeal was filed in time to be effective.
Section 83.27, Fla. Stat., F.S.A., provides for the filing of a motion for new trial in such proceedings and strictly circumscribes the right of appeal:
"(1) Manner and time of taking.  At any time within two days after the entry of judgment by the county judge, or, if there be a motion for a new trial, at any time within two days after the refusal to grant such new trial, either party may appeal to the next term of the circuit court of the county wherein the trial is had, upon giving a bond, to be approved by the county judge, in such amount as he may fix in his discretion, to indemnify the adverse party for all damages and costs that may accrue to him by reason of the taking of such appeal. Before such appeal shall be granted, the party appealing shall make oath in writing before said judge that said appeal is taken in good faith, and not for delay, and shall first pay all costs incurred in the trial before said judge and in the taking of said appeal.
"(2) Effect of appeal.  No appeal taken shall operate as a supersedeas."
The appellant contends that the time for taking an appeal from the civil court of record in a landlord and tenant action is governed by § 83.38, Fla. Stat., F.S.A. This section was enacted to provide the procedure for appeal from a county court in removal of tenant cases. A county court for Dade County was created in 1895.[2] Subsequently the legislature created a Civil Court of Record in Dade County,[3] but gave no jurisdiction over landlord and tenant actions to that court. Thereafter the county court was abolished in Dade County.[4] By a legislative act in 1943,[5] concurrent jurisdiction with county judges' courts was conferred upon civil courts of record in statutory landlord and tenant proceedings. Therefore the Civil Court of Record in and for Dade County and the County Judges' Court of Dade County operate concurrently under the provisions of law made and provided for the county judges' court. These provisions provide for a summary proceeding and must be strictly construed and must be substantially followed. Jacques v. Wellington Corporation, 133 Fla. 819, 183 So. 22. Section 83.27, supra, provides for an immediate and limited appeal period (two days) in order to assure speedy relief to a landlord against a defaulting tenant. Dade Realty Corporation v. Schoenthal, 149 Fla. 674, 6 So.2d 845. If the statute is harsh, the remedy is with the legislature. We therefore find that the appeal was not timely and it must be and hereby is dismissed. See Wiesen v. Schatzberg, supra.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] See Art. 5, § 5(3) Fla. Const., 26 F.S.A., Rosenblum v. Boss, Fla.App. 1958, 101 So.2d 596.
[2] Chapter 4434, Laws of Fla. (1895).
[3] Chapter 11357, Laws of Fla. (1925), F.S.A. § 33.01 et seq.
[4] Chapter 11970, Laws of Fla. (1927).
[5] Chapter 21868, Laws of Florida (1943), F.S.A. § 33.14.