PEARSON, Judge.
The defeindant-husband appeals from a final decree of divorce granted to the wife. The appellant questions the sufficiency of the evidence and the equity of that portion of the final decree which awards the home to the wife.
Upon the sufficiency of the evidence the appellant contends that the chancellor committed error by his refusal to grant defendant’s motion to dismiss (in the nature of a motion for directed verdict) at the close of plaintiff’s case. After the court’s refusal, the defendant offered evidence in the cause. According to the case of In re Estate of Mollard, Fla.App.1957, 101 So.2d 880, a motion to dismiss at the conclusion of plaintiff’s evidence is not permitted unless the defendant elects to submit the cause for entry of final decree on the plaintiff’s proof only. Although this procedure is correct practice ■ in equity, it is otherwise where there are express provisions to the contrary.' Such an express provision is found in Rule 1.35(b), 1954 Florida Rules of Civil Procedure, 30 F.S. A., which reads as follows:
«* * * After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, * * * shall operate as an adjudication upon the merits $ ^ **
In Bach v. Friden Calculating Mach. Co., 6 Cir., 1945, 148 F.2d 407, the court was called upon to interpret a portion of Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A., which portion at that time was the same as the above quoted section of our Rule 1.35(b)" supra. The court held that this rule was intended by its adoption to relieve the defendant in an equity case of the risk of having his proof cut off if he failed on a motion to dismiss at the conclusion of plaintiff’s evidence. See also 5 Moore, Federal Practice, paragraph 41.13 (2nd ed. 1951).
Rule 1.35(b), supra, is new to equity practice and, of course, is intended to expedite the trial of cases without jeopardizing defendant’s right to present his evidence. In any event there is no question of the sufficiency of all the evidence to support the decree of divorce.
Appellant and appellee owned their home as an estate by the entirety. There is substantial evidence in the record that the wife contributed more to the purchase and maintenance of the home than the husband. The husband is employed and will soon reach retirement age. The wife has no income but has been able to maintain the home by renting rooms. -It was obviously the intention of the chancellor in his final decree to avoid a burdensome alimony payment out of a small income and yet to provide something for the wife. Under such circumstances a lump sum award is equitable. It is supported by the finding that the wife had contributed materially to the accumulations of the family assets and that the husband was properly chargeable with alimony. Kilian v. Kilian, Fla. *430 1957, 97 So.2d 201; Halberstadt v. Halberstadt, Fla.1954, 72 So.2d 810; Yandell v. Yandell, Fla.1949, 39 So.2d 554, 556.
Affirmed.
HORTON, C. J., and DREW, E. HARRIS, Associate Judge, concur.