SMITH, CULVER, Associate Judge.
This cause is before us on petition for certiorari to the Circuit Court of Martin County, as a landlord and tenant action brought by respondents for eviction of petitioner. Petitioner has raised six questions in his petition, but the matter may be settled by the determination of the first, which is:
“Did the Circuit Court have jurisdiction to consider the appeal (from County Court to Circuit Court) as a Petition for Certiorari and had the time to file it expired?”
In the county court action, the county judge entered a summary judgment on February 5, 1959, in favor of respondents. On February 12, 1959, petitioners filed a motion to vacate this summary judgment, which motion was denied on March 25, 1959. Meanwhile, on February 20, 1959, petitioner filed his appeal to the circuit court. This appeal was dismissed by the circuit court on May 6, 1959. Appeals from judgments of the county court, in landlord and tenant cases, are governed by Sec. 83.38, Florida Statutes, F.S.A., which provides for an appeal to the circuit court, provided that it is “ * * * taken out within 10 days from the rendition of such judgment * * ” The statute further provides that the appealing party shall pay all costs and enter into a good and sufficient bond. Petitioner’s appeal to the circuit court was not taken within the time provided by the statute, nor does the record show that he made the re *862 quired bond. He contends, however, that Section 83.38 does not apply, and that his appeal should have been considered by the circuit court as a petition for certiorari.
In the case of Dade Realty Corp. v. Schoenthal, 149 Fla. 674, 6 So.2d 845, 846, a landlord had recovered a judgment against a tenant in the county judge’s court. The tenant filed a petition for certiorari in the circuit court, and a writ was issued. The Supreme Court of Florida, in its opinion,said:
“In our view there was no basis for the writ of certiorari and it should have been denied. Landlord and tenant or distress proceedings as provided by Section 5398 to 5406, Compiled General Laws of 1927, are summary in nature and were provided for the purpose of giving a landlord speedy relief where (1) the tenant defaults in payment of rent under his contract, or (2) where he stays on and refuses to vacate the premises after the expiration of his rental contract.
* * * * * *
“Section 5406, Compiled General Laws of 1927, provides for an immediate appeal of the distress judgment to the Circuit Court upon giving a bond to be approved by the County Judge in such amount as he may fix to indemnify the adverse party for all damages and costs that may accrue to him by reason of taking the appeal. A casual reading of this Statute will reveal that it was designed to cut off any other means of review except by appeal to the Circuit Court in the manner provided. If the statute is harsh, the remedy is with the legislature.”
See also Placid York Co., Inc. v. Calvert Hotel Co., Inc., Fla.App. 1959, 109 So.2d 604.
Sections 5398 to 5406, Compiled General Laws of 1927 have now been incorporated into our present Florida Statutes as Sections 83.05, 83.20 to 83.27, inclusive, F.S.A. Similar proceedings are provided for removal of a tenant by the county court by Sections 83.28 to 83.38, inclusive, and are designed for the same purpose.
Petitioner urges that since he filed a second notice of appeal, on March 27, 1959, two days after the county court denied his motion to vacate the order granting summary judgment, his appeal to the circuit court was timely. This court has held that the filing of such a motion, or a motion for new trial, after the entry of a summary judgment, does not stay the running of the time of the appeal period. In the case of La Joie v. General Motors Acceptance Corp., Fla.App.1959, 108 So.2d 497, 498, this court said:
“This is an action at law. A motion for a new trial or a petition for rehearing consequent upon summary final judgment is not authorized under any court rule or statute as a procedure to attack or review a summary final judgment in a law action. The filing of such motion or petition does not toll or stay the running of the time of the appeal period from the date of the recording of the summary final judgment. The method of review of a summary final judgment is by direct appeal as provided by the statutes and court rules governing appeals from a final judgment in law actions. This court obtains its jurisdiction of the subject matter and the parties to an appeal upon the filing of the notice of appeal, as required, within the time limitation and in the manner prescribed by the statutes (F.S.A. § 59.01, et seq.) and Florida Appellate Rules, rule 3.2, 31 F.S.A. It is, therefore, unmistakably clear that the notice of appeal was not timely filed so as to vest this court with jurisdiction. See Weisberg v. Perl, Fla.1954, 73 So.2d 56, and Counne v. Salian, Fla. 1956, 87 So.2d 586.”
It clearly appears that the circuit court was correct in entering its order of May 6, *863 1959, dismissing petitioner’s appeal. The petition for writ of certiorari filed with this court is hereby denied.
ALLEN, C. J., and SHANNON, J., concur.