128 So.2d 585 (1961)
CONGREGATION TEMPLE DE HIRSCH, of SEATTLE, WASHINGTON, and the Seattle Foundation, of Seattle, Washington, Petitioners,
v.
Susan Joyce ARONSON (Individually), and Seattle-First National Bank, as Trustee under the Last Will and Testament of Abe Aronson, Respondents.
No. 30801.
Supreme Court of Florida.
March 22, 1961.
Rehearing Denied April 25, 1961.
Herbert S. Sawyer and James E. Glass of Mershon, Sawyer, Johnston, Simmons & Dunwody, Miami, for petitioners.
Granville C. Conner, Miami, and Edgar A. Nathan, Los Angeles, Cal., for Susan Joyce Aronson.
J.M. Flowers, Miami, for Seattle-First Nat. Bank, as Trustee under Last Will and Testament of Abe Aronson, deceased.
DREW, Justice.
This case[1] has been certified to us by the District Court of Appeal, Third District, as one which passes upon a question of great public interest.[2]
Petitioners' motion before the district court to dismiss an appeal from an order of the county judge in a probate proceeding, because the same was taken more than 30 days but less than 60 days from the rendition of said order, was denied. A decision of the same district court, announced a short time previously, held that appeals from such orders must be taken within 30 days.[3] The reasons assigned by the district court which impelled it to that conclusion were:
"The Wartman case, decided by this court March 23, 1960, was published and made available to the bar generally in the Southern Reporter Advance Opinions dated April 21, 1960. Prior to that date the Bench and Bar of Florida, and properly so, were entitled to rely and act on the basis of the previously accepted construction of the appellate rules and statutes, as applicable to orders and decrees from county judge's courts in probate matters, for appeals to be taken within 60 days after their rendition. Only after our different construction thereof in the Wartman case did it become otherwise. *586 Therefore, we hold that our construction of the applicable rules and statute to provide for a 30 day appeal period for such appeals, as announced in the Wartman case will not operate retroactively in other cases, but shall operate prospectively from April 21, 1960, the date of the publication of the report of In re Wartman's Estate, supra. * * *". [123 So.2d 410.]
The validity of this holding is questioned here.
While the district court cites and discusses many cases which it says support the conclusion reached by it, we cannot find, in the cited cases, support for the conclusion reached. Failure to appeal within the time fixed by the Legislature for that purpose deprives the court of jurisdiction to act in any manner except to enter an order of dismissal.[4] In the Salinger[5] and Cortina[6] cases we held squarely that a trial court was without authority to extend the time for appeal. The same rule is clearly applicable to the appellate courts; and, as pointed out in these cited cases, this is so no matter what reason or method is employed in an attempt to do so. We, therefore, conclude that the reasons assigned by the district court for its refusal to dismiss the instant appeal are erroneous. Ordinarily this would require that we quash the decision under review but, inasmuch as we have this day held, in the case of In re Estate of Wartman, Wartman v. Wartman, that appeals in probate proceedings may be taken at any time within 60 days from the date of the rendition of such appealable order, and in view of the holdings of this court that the ultimate question for determination is the correctness of the conclusions reached by the lower court, and not its reasons therefor,[7] certiorari must be and the same is hereby denied.
Certiorari discharged.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] The opinion of the district court is reported in Fla.App. 1960, 123 So.2d 408.
[2] Article V, Section 4(2), Florida Constitution, F.S.A. Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832.
[3] In re Wartman's Estate, Fla.App. 1960, 118 So.2d 838.
[4] Cates v. Heffernan, 1944, 154 Fla. 422, 18 So.2d 11; Wiesen v. Schatzberg, 1946, 157 Fla. 375, 26 So.2d 62; Fonell v. Williams, 1946, 157 Fla. 673, 26 So.2d 800; Donin v. Goss, Fla. 1954, 69 So.2d 316; Counne v. Saffan, Fla. 1956, 87 So.2d 586; see In re Warner's Estate, 1947, 159 Fla. 675, 32 So.2d 461; and Wolf v. Cleveland Electric Co., Inc., Fla. 1952, 58 So.2d 153. This rule is so well established that Justice Hobson has referred to it as being "apodictic." Kent v. Marvin, Fla. 1952, 59 So.2d 791, at page 792. Compare Sun Insurance Company v. Boyd, Fla. 1958, 105 So.2d 574.
[5] Salinger v. Salinger, Fla. 1958, 100 So.2d 393, 394.
[6] Cortina v. Cortina, Fla. 1957, 98 So.2d 334.
[7] 2 Fla.Jur. Appeals § 297 (1955). Cottages, Miami Beach, Inc. v. Wegman, Fla. 1951, 57 So.2d 439; In re Freeman's Petition, Fla. 1955, 84 So.2d 544; Jaffe v. Endure-A-Life Time Awning Sales, Inc., Fla. 1957, 98 So.2d 77.