PER CURIAM.
The Appellant filed his notice of appeal to review a final decree entered in chancery. The Appellee has now filed her motion to dismiss the appeal on the ground that this Court does not have jurisdiction, alleging that the notice of appeal was not filed within the time provided by law. The Appellee attaches to her motion a certified copy of the decree together with the certificate of the clerk of that court which shows that the decree was signed, filed with the clerk, and recorded on October 12, 1962. The only other part of the record filed here is the copy of the notice of appeal which reflects that it was filed on December 12, *267 1962. Were it not for the facts hereinafter mentioned, it would appear, by computing the time intervening according to Florida Appellate Rule 3.18, 31 F.S.A, that the notice of appeal was filed 61 days after the recording of the final decree and that, therefore, the motion should be granted. The motion to dismiss the appeal fails to present proof to this Court by way of certificate of the clerk of the trial court as to whether or not a petition for rehearing was served within ten days after the recording of the decree, as permitted by Florida Rule of Civil Procedure 3.16(a), 31 F.S.A. In order for the Appellee to prevail upon such a motion to dismiss, the Appellee must present proof as to whether or not a petition for rehearing was timely filed, and, if timely filed, when the order denying the petition for 'rehearing was made a matter of record. Such proof in support of such a motion is essential in order that the record in this Court will establish that this Court does not have jurisdiction. Irrespective of the time intervening between the date of the recording of the final decree, if a petition for rehearing is timely filed, the final decree is not deemed rendered until the petition is disposed of. Florida Appellate Rule 1.3. The date of the rendition of the final decree, as so determined pursuant to that rule, is the day when the designated period of time for filing a notice of appeal begins to run. Ganzer v. Ganzer, Fla.1956, 84 So.2d 591. In addition to the deficiencies of Appellee’s motion as heretofore set forth, the Appellee has conceded at oral argument that a petition for rehearing was timely filed.
Having failed to make evidence to this Court by competent proof the date of rendition of the final decree as defined by Florida Appellate Rule 1.3, it necessarily follows that the Appellee’s motion must be denied. An appropriate order will be entered.
ALLEN, Acting C. J, and KANNER and SMITH, JJ, concur.