HOBSON, Acting Chief Judge.
Petitioner seeks issuance of writ of cer-tiorari to the circuit court below, acting in its appellate capacity, to review the order of that court dismissing petitioner’s appeal from the county court. The circuit court dismissed the appeal because of defects in the notice of appeal filed by petitioner’s prior counsel. We find that the notice of *937 appeal was timely filed and that its defects were not fatal. Petition for writ of certio-rari is granted and the order of dismissal is reversed.
Respondent brought an action in the county court seeking eviction of his tenant, petitioner. After final hearing, the county court entered “Judgment” on June 7, 1977. This judgment found that respondent had adequately proved only one of four alleged violations of the lease. The body of the judgment concluded with the statement that:
“Prior to this Court entering Final ruling, in accordance with testimony of the Plaintiff that he is willing to negotiate for additional rent to cover the area occupied by the out buildings, it is requested by this Court that the parties consider additional rent and report to this Court as to the outcome of this negotiation.” (emphasis added)
There was no order of eviction, of payment of additional rent, or of other relief against petitioner.
On July 6, 1977, the county court entered “Final Judgment of Eviction.” This final judgment begins with:
“THIS CAUSE came on to be heard subsequent to Judgment being entered by this Court on June 7, 1977, wherein said Judgment requested that the parties attempt to reach some settlement based upon the June 7, 1977 Judgment, for the purpose of avoiding this Court’s Judgment of Eviction against Defendant. Counsel appeared for both parties and represented to the Court that they were unable to arrive at any settlement.”
The county court then ordered petitioner to surrender the premises.
Petitioner filed notice of appeal to the circuit court on July 20, 1977. The appeal was “from the judgment and order entered by this court on the 6th day of June, 1977.” (emphasis supplied) This notice of appeal was filed 43 days after the June judgment and 14 days after the July final judgment. The references to the record book number and page number do not correspond to either those of the June judgment or the July final judgment. Upon motion, the circuit court dismissed the appeal.
It is indisputable that the notice of appeal contained errors in its references to the judgment appealed. Petitioner contends that the appeal is from the July final judgment and that due to clerical error, “June” was typed on the notice rather than “July” as intended. Respondent contends that the appeal was from the June judgment, that “6” was erroneously typed rather than “7”, and that the notice was untimely filed with respect to the June judgment.
Of course, a notice of appeal which is untimely filed fails to vest the appellate court with jurisdiction in the case. Wolf v. Cleveland Electric Co., 58 So.2d 153 (Fla.1952). However, we do not consider this to be a case where the notice of appeal was untimely filed. Rather, this is a case where the notice of appeal was properly filed but contains defects in its body. We come to this conclusion not only based upon petitioner’s unrefuted protestations of an intent to appeal the July final judgment and upon judicial solicitude for preservation of a party’s right to appeal,[1] but also because the nature and effect of the judgments indicate that full appeal was proper only from the later judgment.
The June judgment contained only the trial court’s findings. It did not order any relief against petitioner. It did not put an end to the trial court’s judicial labors in the cause. Cf. Wolf v. Cleveland Electric Co., supra. On the contrary, it expressly envisioned a future final order. The June judgment was, at most, in the nature of a nonfi-nal partial judgment from which no full appeal could be taken. Harbor Yacht Repair, Inc. v. Sanger, 267 So.2d 51 (Fla.3d DCA 1972). By way of contrast, the July judgment disposed of the last remaining dispute between the parties by prescribing the remedy. Under these facts, we will not impute to petitioner an attempt to appeal a nonappealable order where it is at least as *938 likely that the notice invoked appeal of the subsequent appealable order.
We turn now to the question of whether the defects in the notice of appeal warranted dismissal of the appeal. Florida Appellate Rule 3.2 specifies that:
“Deficiencies in form or substance in the notice of appeal shall not ... be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.” (emphasis added)
The question is whether the notice sufficiently indicates an intent to appeal an ap-pealable ordqr. Gissendanner v. State, 241 So.2d 162 (Fla.1970). The essential test, the deciding test, is whether the complaining party has been prejudiced. Greyhound Corporation v. Carswell, 181 So.2d 638 (Fla.1966).
In the instant case, the notice of appeal sufficiently indicates an intent to appeal an appealable order in this litigation between the parties. Although respondent asserts his right to rely on the notice of appeal as written, he has failed to show both an act in reliance on the notice and prejudice arising from any such act. These deficiencies were not grounds for dismissal of the appeal. Fla.R.App.P. 3.2.
The notice of appeal was not fatally defective. The circuit court clearly departed from the essential requirements of law to petitioner’s irreparable harm. Consequently, petitioner’s petition for writ of certiorari is granted and we reverse the order of the circuit court dismissing the appeal.
GRIMES and DANAHY, JJ., concur.

. See Greyhound Corporation v. Carswell, 181 So.2d 638, 641 (Fla.1966).