WIGGINTON, Judge.
By petition for writ of certiorari, petitioner Alachua County seeks review of an order dismissing its appeal in the circuit court below from an order of the Alachua County Code Enforcement Board. We grant certiorari and quash the order dismissing the appeal.
Petitioner County indisputably timely filed a notice of appeal in the circuit court from an order of the Alachua County Code Enforcement Board. The notice contained a certificate of service stating that respondents’ attorneys timely were furnished copies of the notice by mail on October 30, 1986. Respondents moved to dismiss the appeal on December 31, 1986, stating that they had not received notice that the appeal had been filed and were unaware of that fact until December 10, 1986, when they inadvertently discovered that the appeal was pending. They attached affidavits of both respondents’ attorneys as well as of office personnel stating that neither respondent ever received a copy of the notice of appeal. In response to the motion, petitioner filed an affidavit of a legal secretary with the county attorney’s office stating that she personally prepared the notice of appeal, filed it with the board and the court, and placed copies in the mail to respondents.
At the hearing on the motion to dismiss, the trial judge stated that he did not dispute petitioner’s assertion that it had placed copies of the notice of appeal in the mail to be sent to respondents’ attorneys. He found no failure on the part of petitioner to follow the Florida rules of appellate procedure. However, he found that respondents had shown substantial prejudice in not receiving a copy of the notice of appeal. Thereupon, on the authority of County Sanitation v. Ross, 389 So.2d 1247 (Fla. 1st DCA 1980), he imposed the extreme sanction of dismissal of the appeal due to that prejudice.
Cases have established that an error in a notice of appeal or the failure of a party to follow the appropriate appellate procedure can result in dismissal of that party’s appeal if a showing is made of substantial prejudice upon the other party as a result of that error or failure. Ross; Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); Casino, Inc. v. Kugeares, 354 So.2d 936 (Fla. 2d DCA 1978). However, we can find no authority to support the sanction of dismissal when only substantial prejudice is shown in the absence of any error or failure of the appellant to comply with the rules of appellate procedure. We hold, therefore, that the trial judge in the instant *964 case erred in dismissing the appeal based only upon a showing of substantial prejudice. Consequently, we grant certiorari and quash the order dismissing the appeal.
JOANOS and ZEHMER, JJ., concur.